**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Britt Baxter,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>　　　　　　Defendant. | No. CV-15-00084-PHX-DLR<br><br>**ORDER** |

Plaintiff Britt Baxter seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision is affirmed.

**I. Background**

Baxter is a 54 year-old male with a twelfth grade education. (Doc. 15 at 3.) He previously worked as a welder. (A.R. 23.) He was born missing part of his bottom vertebra, which causes pain, and almost cut off his foot when he was 14 years old, which causes numbness and tingling in his foot. (*Id.* at 22.) Baxter applied for Social Security Disability Benefits on October 11, 2011, alleging disability beginning on January 1, 2009. (*Id.* at 18.) On June 17, 2013, he appeared with his attorney and testified at a

hearing before an ALJ.  (*Id.*)  A vocational expert ("VE") also testified.  (*Id.*)

On July 30, 2013, the ALJ issued a decision that Baxter was not disabled within the meaning of the Social Security Act.  (*Id.* at 28.)  The Appeals Council denied Baxter's request for review of the hearing decision, making the ALJ's decision the final agency decision.  On January 19, 2015, Baxter sought review by this Court.

## II.  Standard of Review

The district court reviews only those issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.*  As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## III.  Five-Step Sequential Evaluation Process

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends.  *Id.*  At step

three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Baxter meets the insured status requirements of the Social Security Act through June 30, 2014, and that he has not engaged in substantial gainful activity since January 1, 2009. (A.R. 20.) At step two, the ALJ found that Baxter has the following severe impairments: spina bifida occulta, left foot neuropathy, and obesity. (*Id.*) At step three, the ALJ determined that Baxter does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.

At step four, the ALJ found that Baxter has the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 404.1567(b) except that the claimant can only occasionally climb ladders, ropes, and scaffolds; must avoid exposure to extreme temperatures; and cannot be exposed to dangerous machinery." (*Id.* at 22.) The ALJ further found that Baxter is unable to perform any of his past relevant work. (*Id.* at 26.) At step five, the ALJ concluded that, considering Baxter's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he could perform. (*Id.*)

**IV. Analysis**

Baxter argues the ALJ's decision is unsupported by substantial evidence for three

reasons: (1) the ALJ erred in formulating the RFC because it is not supported by substantial evidence in the record, (2) the ALJ improperly evaluated Baxter's credibility, and (3) the ALJ erred at Step Five because the vocational expert testimony on which she relied was elicited in response to an incomplete hypothetical question. The Court will address each argument in turn.

### A. The ALJ Did Not Err in Formulating the RFC

Baxter argues the medical opinion evidence on which the ALJ relied does not support the finding that he can perform light work "except that the claimant can only occasionally climb ladders, ropes, and scaffolds; must avoid exposure to extreme temperatures; and cannot be exposed to dangerous machinery." (A.R. 22.) He asserts the RFC is inconsistent with the treatment notes of his pain management specialist and that he can only perform sedentary work. The Court disagrees.

In formulating the RFC, the ALJ afforded great weight to the opinion of Dr. Quirino Valeros, a consultative physician who evaluated Baxter in August 2012. (A.R. 25, 356-60.) Dr. Valeros diagnosed Baxter with chronic low back pain, history of lumbago, chronic pain in left foot, and hypertension. (*Id.* at 359.) Based on these findings, he recommended that Baxter could lift 20 pounds occasionally, 10 pounds frequently, and could stand and/or walk for 6 hours in an 8 hour work day. (*Id.*) He further opined that Baxter could occasionally climb ladders, ropes, or scaffolds and could frequently stoop, kneel, crouch, crawl, reach, handle, finger, feel, and climb ramps and stairs. (*Id.* at 359-60.) Dr. Valeros also recommended that Baxter avoid working around moving machinery and extreme temperatures. (*Id.* at 360.)

The RFC is based largely on Dr. Valeros' opinion, but did not include the finding that Baxter could frequently stoop, kneel, crouch, crawl, reach, handle, finger, feel, and climb ramps and stairs. The ALJ did not explain why she did not include these observations in the RFC. But this does not render the RFC unsupported by substantial evidence. Even if these observations were included in the RFC, it would not change the fact that Baxter can perform the jobs identified by the VE. Each of the three identified

jobs: counter clerk, housekeeping cleaner, and cashier, do not require such activity or require no greater than frequent performance of the activity. *See Dictionary of Occupational Titles* 249.366-010, *available at* 1991 WL 672323 (counter clerk job does not require stooping, kneeling, crouching, or crawling, and only occasional reaching, handling fingering, and feeling); 323.687-014, *available at* 1991 WL 672783 (housekeeping cleaner job requires no crawling or feeling; occasional stooping, kneeling, crouching, and fingering; and frequent reaching and handling); 211.462-010, *available at* 1991 WL 671840 (cashier job requires no stooping, kneeling, crouching, crawling, feeling; and frequent reaching, handling, and fingering). The ALJ did not err by failing to include these findings.

Baxter also argues Dr. Valeros' opinion is internally inconsistent because he stated that Baxter "may be able to do work that does not require heavy lifting or excessive walking," but also concluded that Baxter is capable of standing or walking for six hours per day. (Doc. 15 at 9-10.) Baxter asserts the ALJ did not address this alleged discrepancy. But Baxter equates "excessive walking" with the ability to stand and/or walk 6 hours per workday. "Excessive walking" is vague, and Dr. Valeros specifically concluded that Baxter could stand and/or walk 6 hours in a workday, which the ALJ reasonably relied upon in formulating the RFC. (A.R. 359.)

Baxter asserts the ALJ's reliance on the opinion of hernia surgeon Dr. Gordon Bodzin is "confusing and misleading." (Doc. 15 at 11.) Dr. Gordon surgically repaired Baxter's hernia and restricted him from heavy lifting or vigorous exercise for six weeks. (A.R. 269-72). The ALJ afforded great weight to this evidence, but did not include it in the RFC because it was a temporary restriction. This is a reasonable interpretation of the evidence, and Baxter fails to identify any error.

Baxter argues Dr. Jean Goerss' medical opinion does not support the RFC. (Doc. 15 at 11-12.) On August 20, 2012, Dr. Goerss opined that Baxter could lift and carry 25 pounds occasionally and 20 pounds frequently; stand, walk, and sit six hours in a day; never climb ladders, ropes, or scaffolds; frequently stoop; and should avoid concentrated

1   exposure to extreme cold. (A.R. 101-02.) Baxter claims these restrictions are
2   inconsistent with light work and the other limitations included in the RFC. But parts of
3   Dr. Goerss' opinion are consistent with the limitations in the RFC. Moreover, the ALJ
4   ultimately found that Baxter was more limited than opined by Dr. Goerss. The ALJ
5   relied on this evidence to support the RFC, but tempered it given the more conservative
6   findings of Dr. Valeros. The fact that one medical source found lesser restrictions than
7   the ultimate RFC determination does not render the RFC unsupported by substantial
8   evidence. Rather, the ALJ is responsible for weighing the evidence and coming to a
9   reasoned conclusion given *all* of the evidence in the record. Baxter fails to identify any
10  harmful error.

11  Last, Baxter asserts the ALJ's RFC is inconsistent with Dr. Arnold Meyerowitz's
12  treatment notes, which indicated that Baxter was taking powerful pain medications but
13  still experiencing pain. (Doc. 15 at 12-14.) The ALJ afforded little weight to Dr.
14  Meyerowitz's opinion because it was inconsistent with other objective medical evidence
15  in the record. (A.R. 26.) For example, Dr. Meryerowitz's treatment notes indicated that
16  Baxter had limited range of motion in his back and left foot, (*Id.* at 304-06), but physical
17  examinations by his cardiologist and a consultative physician were mostly normal, (*Id.* at
18  356-60, 371-75, 383). Further, the ALJ noted that the treatment notes were inconsistent
19  with Baxter's reported activities and that Baxter admitted that he could "sit, stand, and
20  walk more than Dr. Meyerowitz opined." (*Id.* at 26.) Baxter does not challenge the
21  reasons given by the ALJ for discrediting Dr. Meyerowitz's opinion, and thus the RFC
22  need not account for these limitations.

23  In conclusion, the Court finds the ALJ's RFC is supported by substantial evidence
24  in the record. The ALJ set out a detailed and thorough summary of the facts and medical
25  evidence, reasonably evaluated the medical evidence, and made specific findings in
26  formulating the RFC. As a whole, the record supports the ALJ's RFC determination that
27  Baxter can perform light work with some additional limitations. *See Andrews v. Shalala*,
28  53 F.3d 1035, 1039 (9th Cir. 1995) ("To determine whether substantial evidence supports

1 the ALJ's decision, we review the administrative record as a whole, weighing both the
2 evidence that supports and that which detracts from the ALJ's conclusion.").

### B. The ALJ Did Not Err in Evaluating Baxter's Credibility

Baxter argues the ALJ erred in evaluating the credibility of his statements regarding the severity of his symptoms. (Doc. 15 at 14.) In evaluating credibility, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

At the hearing, Baxter testified he worked as a welder his whole life but was laid off. (A.R. 23.) He stated that if he had not been laid off, he would have kept working. (*Id.*) He indicated that he attempted to work in 2011, but had to stop because he cannot wear a shoe on his left foot. (*Id.*) His left foot incurred permanent nerve damage when he was 14 years old, and he underwent two surgeries which results in pain and numbness in two of his toes. (*Id.*) He also indicated that he has back pain because he was born missing the tail end of his vertebra. (*Id.*) He stated that the pain in his foot and back has increased progressively over the years, and that some days it is unbearable. (*Id.*) He also claimed the pain medication that he takes makes him dizzy and tired. (*Id.*)

With respect to his physical limitations, Baxter testified that he can sit for 15-30 minutes, stand 45-60 minutes, lift about five pounds, and walk less than a quarter of a mile. (*Id.*) He stated that he lives alone, does his daily chores, does his own shopping, drives up to ten miles a week, that he can no longer shoot pool, and that he rides his motorcycle to the store occasionally. (*Id.*) Baxter stated that he gets up at 5:00 am,

makes breakfast, walks around the house, does some chores, cares for his swimming pool, naps, makes lunch, does laundry, and makes dinner. (*Id.*) He also stated that he occasionally visits with friends. (*Id.*)

The ALJ provided four reasons for discounting Baxter's credibility concerning the intensity, persistence, and limiting effects of his physical symptoms. First, she found that Baxter's statements were inconsistent with the objective clinical findings and observations in the medical record. (A.R. 24.) Second, the ALJ noted that Baxter's allegations are inconsistent with his conservative treatment history. (*Id.*) Third, she found that Baxter's reported activities undermine his allegations regarding the severity of his symptoms. (*Id.*) Fourth, the ALJ noted that Baxter's testimony that he would have kept working had he not been laid off, and actually returned to work in 2011, strongly suggests that his impairments would not preclude work. (*Id.* at 25.) Baxter does not challenge the fourth reason cited by the ALJ.[1]

An ALJ may discount a claimant's credibility if the "statements at [his] hearing do not comport with objective evidence in [his] medical record." *Bray*, 554 F.3d at 1227. Baxter claims that he still experiences pain after taking his medications, which supports his allegations regarding his symptoms. (Doc. 15 at 15.) But Baxter has consistently stated that the medication improved his pain, (*See* A.R. 303, 308-09), and he fails to challenge any of the other objective medical evidence cited by the ALJ. For example, shortly after the alleged onset date, Baxter's "general appearance, reflexes, sensation, gait/posture, digits, range of motion, stability, and strength/tone were all within normal limits." (*Id.* at 24.) In October 2011, a physical examination revealed sensory loss in the

---

[1] "Evidence of work after the onset date is relevant to a claimant's credibility." *Defrees v. Colvin*, No. CV-15-00339-PHX-DGC, 2015 WL 5675282, at *5 (D. Ariz. Sept. 28, 2015) (citing *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)). Because Baxter does not challenge this reason, it is presumed valid and supports the ALJ's decision to discount Baxter's credibility, especially given that Baxter worked as late as 2011. *See e.g.*, *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (upholding ALJ's decision even where two of the four proffered reasons for discounting the claimant's credibility were invalid); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding harmless error where record did not support one of the ALJ's reasons for discounting the claimant's credibility, but other valid reasons remained).

- 8 -

fourth toe of his left foot and limited mobility in his back, but Baxter was in no "acute distress and was nontender over the spinous process of the lumbar spine." (*Id.*) In August 2012, Baxter had slight tenderness in his lower lumbar spine and slight deformity of the left big toe, but retained normal gait, normal range of motion in his spine, hips, knees, and ankles. (*Id.*) In early 2013, Baxter experienced limited mobility in his back and sensory loss in his fourth toe on his big foot, but was "nontender over the spinous processes of the lumbar spine and in no apparent distress." (*Id.*) The ALJ noted that there were "minimal positive pertinent findings," which were inconsistent throughout the record. (*Id.*) Given these references to the record, the Court finds substantial evidence supports the ALJ's finding that Baxter's credibility was undermined by the medical evidence in the record.[2]

"[W]hether the claimant engaged in daily activities inconsistent with the alleged symptoms" is relevant to a claimant's credibility. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Id.* at 1113. Baxter argues the ALJ ignored his testimony that his impairments progressively worsened since he stopped working in 2009, that he could not wear a shoe on his left foot, and that he experienced dizziness from his medications. (Doc. 15 at 16.) But the ALJ noted that "[a]lthough [he] testified that his pain has progressively worsened, there is no evidence that [his] impairments worsened on or around the alleged onset date." (A.R. 24-25.) Further, Baxter indicated that his back pain in early 2009 was "intermittent, with his worst pain being a 6 out of 10 and his average pain being only a 3

---

[2] Baxter also takes issue with the ALJ's characterization of his treatment history as "conservative." (Doc. 15 at 15-16). But Baxter was primarily treated with pain medication every three months and never sought more frequent or intensive treatment. He consistently reported that medication improved his pain, he rarely reported bothersome side effects from the medication, and he claimed that his average pain was between a 4 and a 6, with 10 being the highest. (A.R. 24, 240, 241, 252, 401, 413, 419, 425, 428). Thus, the ALJ could reasonably conclude that Baxter "has not sought medical treatment with the frequency that could reasonably be expected from an individual who is suffering from pain of the intense and disabling nature[.]" (*Id.* at 24.)

out of 10." (*Id.* at 25.) In 2011, he went back to work, and he testified that he would still be working had he not been laid off, which is inconsistent with his claim that he stopped working because he would not wear a shoe on his left foot. (*Id.*) At present, Baxter indicated he is able to drive, ride his motorcycle, clean his pool, do laundry, shop, cook, mow the lawn, and clean his house. (*Id.*) Baxter's reported activities, as the ALJ noted, "are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (*Id.*) The Court finds the ALJ's interpretation of the conflicting evidence is reasonable, and this reason is sufficient. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) ("Although the evidence of [the claimant's] daily activities may also admit of an interpretation more favorable to [the claimant], the ALJ's interpretation was rational, and we must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.") (internal quotation marks and alterations omitted).

In conclusion, the Court finds the ALJ provided specific, clear, and convincing reasons for discounting Baxter's credibility regarding the severity of his symptoms, and that those reasons are supported by substantial evidence. *Vasquez*, 572 F.3d at 591.

### C. The ALJ Did Not Err at Step Five

Baxter argues the ALJ erred by posing an incomplete hypothetical question to the VE because "the ALJ failed to truly rely on any of the opinion evidence and the RFC was contrary to the overall substantial evidence in the record." (Doc. 15 at 18.) Baxter asserts the ALJ should have included additional non-exertional limitations for stooping, kneeling, crouching, crawling, reaching, handling, fingering, feeling, and climbing ramps and stairs. (*Id.*) But the ALJ need not include opinion evidence that is discounted or claimant testimony that is not credible. *See Batson*, 359 F.3d at 1197 (noting that the ALJ need not incorporate medical evidence that is discounted or claimant testimony deemed not credible). Baxter simply rehashes the same arguments set forth above, and the Court finds the ALJ did not err at Step Five.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 11th day of January, 2016.

Douglas L. Rayes
United States District Judge